People v Arias (2022 NY Slip Op 06760)

People v Arias

2022 NY Slip Op 06760

Decided on November 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 29, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt, JJ. 

Ind. No. 3155/15 Appeal No. 16741 Case No. 2019-5231 

[*1]The People of the State of New York, Respondent,
v
Alexander Arias, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Laura Boyd of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Judgment, Supreme Court, New York County (Ellen N. Biben, J.), rendered April
11, 2019, convicting defendant, upon his plea of guilty, of attempted robbery in the
second degree, and sentencing him to five years' probation, unanimously modified, on
the law, to the extent of striking the condition of probation requiring that defendant
consent to search by a probation officer of his person, vehicle, or place of abode for
"illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband," and
otherwise affirmed.
Defendant made a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094 [2016]), which forecloses his claim that his sentence is excessive. In any event, we find no basis for reducing the sentence.
The court improperly imposed, as a condition of probation, a requirement that defendant consent to a search by his probation officer of his person, vehicle, or place of abode for "illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband." Defendant was not under the influence of any substance or armed with a weapon when he committed the crime of which he was convicted, and he had no history of offenses involving substance abuse or weapons. Accordingly, the consent to search condition was not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law abiding life (see People v Dranchuk, 203 AD3d 741 [2d Dept 2022]; People v Acuna, 195 AD3d 854 [2d Dept 2021]; People v Saraceni, 153 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 913 [2018]; People v Mead, 133 AD3d 1257 [4th Dept 2015]). Because this issue implicates the legality of the sentence imposed, it survives defendant's waiver of the right to appeal (see People v Hakes, 32 NY3d 624, 628 n3 [2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 29, 2022