People v Scott (2024 NY Slip Op 01881)

People v Scott

2024 NY Slip Op 01881

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Renwick, P.J., Manzanet-Daniels, Kennedy, Mendez, Michael, JJ. 

Ind. No. 70603/21 Appeal No. 1979 Case No. 2022-05578 

[*1]The People of the State of New York, Respondent,
v
William D. Scott, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered December 8, 2022, convicting defendant, upon his plea of guilty, of assault in the third degree, and sentencing him to two years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver. The waiver forecloses review of defendant's excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of his probation requiring that he consent to searches of his person, vehicle, and place of abode by a probation officer for weapons and other contraband survives the appeal waiver (see People v Arias, 210 AD3d 593 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Nevertheless, given that defendant used a weapon during the underlying offense, along with his history of violence and use of weapons, the imposition of the condition was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]; see People v Hale, 93 NY2d 454, 461 [1999]). That the court did not orally pronounce the consent-search condition at plea or sentencing did not render it invalid since he was provided a written copy of all conditions of probation (see CPL 410.10[1]; see also People v Gravino, 14 NY3d 546, 559 [2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024