People v Hall (2024 NY Slip Op 03144)

People v Hall

2024 NY Slip Op 03144

Decided on June 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 11, 2024

Before: Kern, J.P., Kapnick, Gesmer, González, O'Neill Levy, JJ. 

Ind. No. 70858/21 Appeal No. 2479 Case No. 2023-02715 

[*1]The People of the State of New York, Respondent,
v
Kevin Hall, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered February 28, 2023, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him to five years' probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring that defendant consent to warrantless searches of his person and home, and otherwise affirmed.
Defendant made a valid waiver of the right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of probation requiring that he consent to warrantless searches of his person and home survives the appeal waiver (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). The Department of Probation had recommended, as a probation condition, that "a warrantless search of this defendant and his home be provided for the safety of the officers making home visits and the community." The People concede that this condition should be stricken. Moreover, the condition was not reasonably related to defendant's rehabilitation, given that defendant was not armed with a weapon during the underlying offense, and had no history of violence or use of weapons (see CPL 65.10[1], [2][l]; People v Letterlough, 86 NY2d 259, 263-265 [1995]; Arias, 210 AD3d at 594).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2024