People v Velardo (2024 NY Slip Op 03344)

People v Velardo

2024 NY Slip Op 03344

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Ind. No. 73389/22 Appeal No. 2511 Case No. 2023-00714 

[*1]The People of the State of New York, Respondent,
v
Matthew Velardo, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Emily A. Aldridge of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Naita A. Semaj, J.), rendered January 5, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to two years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment claim (see People v Johnson, 225 AD3d 453 [1st Dept 2024]). Regardless of the waiver, defendant's claim is also unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to consider it in the interest of justice. As an alternative holding, we find that on the present record, defendant has standing to challenge his conviction notwithstanding his failure to apply for a gun license because his submission of an application for a license would have been futile, given that assault weapons are subject to a complete ban (see People v Archibald, 225 AD3d 548, 549 [1st Dept 2024]; see also United States v Decastro, 682 F3d 160, 164 [2d Cir 2012], cert denied 568 US 1092 [2013]). Nevertheless, defendant has not established that the ban is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Archibald, 225 AD3d at 549; People v Guity, 223 AD3d 598, 599 [1st Dept 2024]).
Defendant's contention that his counsel rendered ineffective assistance by failing to preserve his Second Amendment claim is unreviewable on direct appeal because it involves matters not reflected in the record and, thus, must be raised in a CPL 440.10 motion (see People v Holder, 224 AD3d 513, 514 [1st Dept 2024]).
Defendant's challenge to the condition of his probation requiring that he consent to searches of his person, vehicle, and place of abode by a probation officer for weapons and other contraband survives the appeal waiver (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Nevertheless, given that defendant was in possession of a weapon and ammunition during the underlying offense and was assessed by the Department of Probation as being in need of substance abuse treatment, the imposition of the condition was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]; see People v Hale, 93 NY2d 454, 461 [1999]).
Defendant's valid waiver of the right to appeal also forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024