People v Anderson (2024 NY Slip Op 06311)

People v Anderson

2024 NY Slip Op 06311

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Manzanet-Daniels, J.P., Webber, Moulton, Rodriguez, Rosado, JJ. 

Ind. No. 72561/22 Appeal No. 3249 Case No. 2023-01577 

[*1]The People of the State of New York, Respondent,
v
William Anderson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marsha D. Michael, J.), rendered March 15, 2023, convicting defendant, upon his plea of guilty, of attempted strangulation in the second degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim (People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]). In any event, we perceive no basis for reducing the sentence.
Defendant's challenge to the condition of his probation requiring that he consent to searches of his person, vehicle, and place of abode by a probation officer for weapons and other contraband survives the appeal waiver (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Nevertheless, given that defendant used a weapon during the underlying offense, along with his history of violence and use of weapons, the imposition of the condition was "reasonably necessary to [e]nsure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]; see People v Hale, 93 NY2d 454, 461 [1999]). "That the court did not orally pronounce the consent-search condition at plea or sentencing did not render it invalid since he was provided a written copy of all conditions of probation" (People v Scott, 226 AD3d 443, 444 [1st Dept 2024], lv denied 42 NY3d 930 [2024]; see CPL 410.10[1]).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024