People v Thomas (2024 NY Slip Op 06427)

People v Thomas

2024 NY Slip Op 06427

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, Michael, JJ. 

Ind No. 73744/22 Appeal No. 3285 Case No. 2023-01426 

[*1]The People of the State of New York, Respondent,
v
Christopher Thomas, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Tara A. Collins, J.), rendered February 22, 2023, convicting defendant, upon his plea of guilty, of assault in the third degree, and sentencing him to two years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring that defendant consent to search by a probation officer of his person, vehicle, or place of abode for illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal, foreclosing appellate review of his claim that his sentence was excessive (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). In any event, we perceive no basis to reduce defendant's sentence.
However, defendant's challenge to the condition of probation requiring that he consent to warrantless searches survives even a valid waiver (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Here, during the plea proceedings, defendant admitted that he intentionally caused injury to the victim by punching him with a closed fist. The Department of Probation recommended that, as a condition of probation, defendant consent to warrantless searches for illegal drugs and weapons to help ensure the safety of the public and probation officers. We find that the condition of probation was not reasonably related to defendant's rehabilitation, given that defendant's conviction did not involve the use of a weapon and did not appear connected to the sale or use of drugs (People v Hall, 228 AD3d 466, 466-467 [1st Dept 2024]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024