People v Fernandez (2024 NY Slip Op 06671)

People v Fernandez

2024 NY Slip Op 06671

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Webber, J.P., Moulton, Friedman, Mendez, Shulman, JJ. 

Ind. No. 70469/22 Appeal No. 3333 Case No. 2023-01966 

[*1]The People of the State of New York, Respondent,
v
Shane Fernandez, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Timothy Lewis, J.), rendered March 29, 2023, convicting defendant, upon his plea of guilty, of leaving the scene of an incident without reporting, and sentencing him to three years probation and a $1,000 fine, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to consent to search by a probation officer of his person, vehicle, or place of abode for illegal drugs, drug paraphernalia, guns, or other weapons or contraband, and otherwise affirmed.
Defendant's waiver of the right to appeal was invalid because "the court did not make clear that the right to appeal is separate and distinct from the numerous other trial rights automatically forfeited upon pleading guilty" (People v Ellis, 194 AD3d 428, 428 [1st Dept 2021], lv denied 37 NY3d 964 [2021]), "mischaracterized the finality of the waiver" (People v Bonilla, 211 AD3d 614, 615 [1st Dept 2022]; see also People v Thomas, 34 NY3d 545, 554-556, 565-566 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), and "did not inquire of defendant whether he understood the written waiver or whether he had even read the waiver before signing it" (People v Bradshaw, 18 NY3d 257, 262 [2011]; see also People v Acosta, 133 AD3d 506, 507 [1st Dept 2015]). We nonetheless perceive no basis for reducing the sentence.
However, the court improperly imposed, as a condition of probation, a requirement that defendant consent to a search by a probation officer of his person, vehicle, or residence for illegal drugs, drug paraphernalia, weapons, or contraband (see People v Hall, 228 AD3d 466, 466-467 [1st Dept 2024]). "Defendant was not under the influence of any substance or armed with a weapon when he committed the crime of which he was convicted" (People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]), and he "had no history of violence or use of weapons" (People v Hall, 228 AD3d at 467). His single misdemeanor conviction for marijuana possession preceded the instant offense by nearly a decade (see People v Arias, 210 AD3d at 594). Thus, the consent to search condition was not "'reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so'" (People v Scott, 226 AD3d 443, 443-444 [1st Dept 2024], lv denied 42 NY3d 930 [2024], quoting Penal Law § 65.10[1]). We note that defendant's challenge to the conditions of his probation did not
require preservation (see People v Hakes, 32 NY3d 624, 628 n 3 [2018]; People v Letterlough, 86 NY2d 259, 263 n 1 [1995]) and would not be foreclosed even if the appeal waiver were valid (see Arias, 210 AD3d at 594).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024