People v Johnson (2025 NY Slip Op 00173)

People v Johnson

2025 NY Slip Op 00173

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind No. 74671/22 Appeal No. 3442 Case No. 2024-00212 

[*1]The People of the State of New York, Respondent,
v
Jared Johnson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Connie Morales, J.), rendered December 8, 2023, convicting defendant, upon his plea of guilty, of attempted assault in the second degree, and sentencing him to a term of three years' probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). The combination of the court's oral colloquy with defendant, and the written waiver he signed after consultation with counsel, established that defendant had been adequately apprised of the appellate rights he was waiving. The waiver forecloses review of his excessive sentence claim. In any event, we perceive no basis for reducing the sentence.
Defendant's appeal waiver does not foreclose his challenge to the condition of probation requiring that he consent to warrantless searches of his person, home, and car (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]), which also does not require preservation (see People v Hakes, 32 NY3d 624, 628 n 3 [2018]; People v Letterlough, 86 NY2d 259, 263 n 1 [1995]). However, we reject it on the merits. The condition was reasonably related to defendant's rehabilitation, given that he was armed with a sharp object when he committed this violent offense (compare People v Hall, 228 AD3d 466 [1st Dept 2024]; People v Arias, 210 AD3d at 594). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025