People v Percy (2025 NY Slip Op 00406)

People v Percy

2025 NY Slip Op 00406

Decided on January 28, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 28, 2025

Before: Webber, J.P., Friedman, Scarpulla, Rosado, O'Neill Levy, JJ. 

Ind. No. 71405/22 Appeal No. 3582 Case No. 2023-01628 

[*1]The People of the State of New York, Respondent,
v
Jayson Percy, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Evertt of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered March 20, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and sentencing him to two years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay $250 in surcharge and fees as a condition of his probation, and otherwise affirmed.
Defendant made a valid waiver of his right to appeal, foreclosing review of his claim that his sentence is excessive (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). In any event, we perceive no basis to reduce his sentence.
However, defendant's challenge to the condition of probation requiring that he pay the mandatory surcharge and court fees survives his waiver of the right to appeal (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Penal Law § 65.10(1) provides that "[t]he conditions of probation . . . shall be as the court, in its discretion, deems reasonably necessary to [e]nsure that the defendant will lead a law-abiding life or to assist him to do so." Penal Law § 65.10(2)(l) allows the court to impose "any other conditions reasonably related to [the probationer's] rehabilitation." In determining whether a condition is reasonably necessary and related to a defendant's rehabilitation, the Court must consider the particular circumstances of the defendant's case (see People v Hale, 93 NY2d 454, 461 [1999]).
Defendant, who is indigent and a first-time offender, apart from a prior violation, has not had gainful employment since 2010, is reliant on public assistance, and struggles with substance abuse. The imposition of the $250 sum, comprising the mandatory surcharge, crime victim's assistance fees, and DNA fees, as a condition of defendant's probation will not assist in ensuring he leads a law-abiding life and is not reasonably related to his rehabilitation. Accordingly, that condition is stricken. We note that the People do not oppose this relief.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2025