People v Rivera (2025 NY Slip Op 03654)

People v Rivera

2025 NY Slip Op 03654

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Ind. No. 71374/23|Appeal No. 4599|Case No. 2024-01069|

[*1]The People of the State of New York, Respondent,
v
Adam Rivera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Chamoy of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Seth Steed, J.), rendered February 8, 2024, convicting defendant, upon his plea of guilty, of assault in the third degree, and sentencing him to two years probation, unanimously modified, on the law, to the extent of striking the portion of the condition of probation requiring that defendant consent to a search by a probation officer of his person, vehicle, or place of abode for illegal drugs and drug paraphernalia, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]). The combination of the court's oral colloquy with defendant, and the written waiver he signed after consultation with counsel, established that defendant had been adequately apprised of the appellate rights he was waiving (see e.g. People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]). The waiver forecloses review of his excessive sentence claim (see e.g. People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]). In any event, we perceive no basis for reducing the sentence.
Defendant's appeal waiver does not foreclose his challenge to the condition of probation requiring that he consent to warrantless searches of his person, vehicle, and home for weapons, drugs, and drug paraphernalia (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]), which also does not require preservation (see People v Hakes, 32 NY3d 624, 628 n 3 [2018]; People v Johnson, 234 AD3d 503, 504 [1st Dept 2025]). To the extent this condition authorized the Department of Probation to conduct warrantless searches for weapons, we find that it was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]; see People v Hale, 93 NY2d 454, 461 [1999]), "given that he was armed with a sharp object when he committed this violent offense" (Johnson, 234 AD3d at 504; see also People v Scott, 226 AD3d 443, 443-444 [1st Dept 2024], lv denied 42 NY3d 930 [2024]).
However, the portion of the condition of probation authorizing warrantless searches by a probation officer for illegal drugs and drug paraphernalia "was not reasonably related to defendant's rehabilitation" (People v Thomas, 233 AD3d 568, 569 [1st Dept 2024], lv denied 43 NY3d 932 [2025]). Defendant's crime "did not appear connected to the sale or use of drugs" (id.), he was not "under the influence of any
substance" when he committed the offense, and he "had no history of offenses involving substance abuse" (Arias, 210 AD3d at 594; see People v Fernandez, 233 AD3d 627, 628 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025