People v Carrasquillo (2025 NY Slip Op 05318)

People v Carrasquillo

2025 NY Slip Op 05318

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Ind No. 72787/22|Appeal No. 4836|Case No. 2024-03393|

[*1]The People of the State of New York, Respondent,
v
Rafael Carrasquillo, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (David J. Klem of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Connie Morales, J.), rendered May 16, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and sentencing him to a term of three years' probation, unanimously affirmed.
Defendant's waiver of his right to appeal was invalid, as the court failed to adequately explain the nature of the appellate rights he was waiving (see e.g. People v Coleman, 225 AD3d 477, 477 [1st Dept 2024], lv denied 41 NY3d 1001 [2024]; People v Floyd, 220 AD3d 497, 497 [1st Dept 2023]). The court "did not make clear, expressly or tacitly," that the right to appeal was separate and distinct from the Boykin v Alabama (395 US 238, 242-243 [1969]) constitutional rights that defendant was automatically forfeiting with the plea (People v Trulove, 238 AD3d 55, 62 [1st Dept 2025]). Furthermore, the court mischaracterized the finality of the waiver (People v Bonilla, 211 AD3d 614, 615 [1st Dept 2022]) and did not confirm that defendant had read and understood the written waiver or discussed the written waiver with his counsel (see e.g. People v Thorne, 207 AD3d 73, 77 [1st Dept 2022]). Under these circumstances, the record does not show that defendant's purported waiver was knowing, voluntary, and intelligent. Nevertheless, we perceive no basis for reducing the sentence.
As to the legality of the conditions of defendant's probation, defendant was not required to preserve those statutory challenges (see e.g. People v Hakes, 32 NY3d 624, 628 n 3 [2018]; People v Johnson, 234 AD3d 503, 504 [1st Dept 2025], lv denied 43 NY3d 1009 [2025]). Although the challenges are properly before us, we reject them on the merits. Defendant was convicted of possessing a knife with intent to use it against the victim (see e.g. People v Rivera, 239 AD3d 521, 522 [1st Dept 2025]; Johnson, 234 AD3d at 504), was assessed by the Department of Probation as being in need of substance abuse treatment (People v Velardo, 228 AD3d 520, 521 [1st Dept 2024], lv denied 42 NY3d 930 [2024]), and had an extensive criminal history of drug-related offenses (cf. People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). As a result, the condition requiring that defendant consent to searches of his person, vehicle, and place of abode for weapons, drugs, drug paraphernalia, and other contraband was reasonably related to his rehabilitation.
Moreover, the condition requiring defendant to "avoid injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and not consort with disreputable people" was reasonably related to his rehabilitation in light of, among other circumstances, his admissions to the Department of Probation of ongoing heroin abuse and daily marijuana use (see Penal Law § 65.10 [1], [2]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]).
Defendant's constitutional challenges to this condition under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments are unpreserved (see Lowndes, 239 AD3d at 575; People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice. As an alternative holding, we find them to be unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025