People v Balogh (2026 NY Slip Op 00323)

People v Balogh

2026 NY Slip Op 00323

Decided on January 22, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 22, 2026

Before: Manzanet-Daniels, J.P., Webber, Friedman, González, Michael, JJ. 

Ind No. 70327/23|Appeal No. 5634|Case No. 2023-03397|

[*1]The People of the State of New York, Respondent,
vMata Balogh, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rina V. DeFrancesco of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher P. Marinelli of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchel, J. on motion to dismiss; Albert Lorenzo, J. at plea and sentencing), rendered June 21, 2023, convicting defendant, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring him to submit to any drug and/or alcohol testing if directed by the Department of Probation, to participate in alcohol and other treatment programs if directed by the Department of Probation, to follow certain conditions regarding housing and non-residential programs if under the age of 21 years, to observe conditions in any order of protection, to perform services for a public institution, to follow certain conditions if convicted of a sex offense, to comply with any sex offender registration requirements, to refrain "from wearing or displaying gang paraphernalia" or "having any association with a gang or members of a gang if directed by the Department of Probation," and to pay a surcharge and fees, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, [2019], cert denied 589 US —, 140 SCt 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). As an alternative holding, we perceive no basis for reducing the sentence.
Defendant's valid waiver does not foreclose review of his Second Amendment claim, and he has standing to raise his challenge to the constitutionality of New York's firearm licensing scheme, notwithstanding that he never applied to obtain a firearm license (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, defendant has failed to establish that the instant indictment is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, 2025 NY Slip Op 06528 at *3).
Defendant's challenge to 11 conditions of his probation as not reasonably related to his rehabilitation survive his valid appeal waiver and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]; see also People v Hakes, 32 NY3d 624, 628 n 3 [2018]). The condition of defendant's probation (Condition No. 7) requiring that he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" (Penal Law §§ 65.10[2][a], [b]) was providently imposed as reasonably related to ensuring that defendant "will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]) given that defendant was found in possession of a loaded firearm (People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied NY3d , 2025 NY Slip Op 98120[U] [2025]). The same is true of the condition requiring that he "[s]upport dependents and meet other family responsibilities" (Condition No. 14; see Penal Law § 65.10[2][f]).
However, nine conditions were "not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life" (People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025]; see also Alvarez, 233 AD3d at 620; Penal Law § 65.10[1]). There is no evidence that defendant had a history of gang affiliation or that his offense was connected to gang activity, and as such the condition related to a prohibition on gang affiliation (Condition No. 24) must be stricken (see Vasquetelles, 241 AD3d at 1209).
Considering defendant's denial of drug and alcohol use, the Department of Probation's assessment of defendant for substance abuse with no recommendation for further treatment, and the lack of any evidence defendant's offense involved drug or alcohol use, conditions related to drug and alcohol testing and treatment (Condition Nos. 15 and 13) must also be stricken (see People v Rivera, 239 AD3d 521, 522-23 [1st Dept 2025]; Arias, 210 AD3d at 594).
The condition of defendant's probation requiring that he pay the mandatory surcharge and other fees (Condition No. 10) is not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life, and must be stricken (see People v Wood, 239 AD3d 484, 484-485 [1st Dept 2025]). We note that the People do not oppose this relief.
The remaining conditions that must be stricken (Condition Nos. 17-21) are not applicable to defendant or reasonably related to his rehabilitation (People v Elvin, 242 AD3d 670 [1st Dept 2025]; Alvarez, 233 AD3d at 620).
Defendant's constitutional challenge to Condition Number 7 under the First, Fifth, and Fourteenth Amendments claim is unpreserved, and we decline to review it in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; Lowndes, 239 AD3d at 575). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 22, 2026