People v Benedith (2026 NY Slip Op 00323)

People v Benedith

2026 NY Slip Op 00323

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Webber, J.P., Gesmer, Higgitt, Michael, Chan, JJ. 

Ind. No. 73248/22|Appeal No. 5689|Case No. 2023-04514|

[*1]The People of the State of New York, Respondent,
vAngel Benedith, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin G. Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J. on motion to dismiss; Albert Lorenzo, J. at plea; Ralph A. Fabrizio, J. at sentencing), rendered August 28, 2023, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to five years of probation, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 SCt 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). As an alternative holding, we perceive no basis for reducing the sentence.
Defendant's valid appeal waiver does not foreclose from review his Second Amendment claim, and he has standing to raise his challenge to the constitutionality of New York's firearm licensing scheme, notwithstanding that he never applied to obtain a firearm license (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528, *2 [2025]). However, defendant has failed to establish that the instant indictment is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see Johnson, 2025 NY Slip Op 006528 at *2-3).
Defendant's challenge to a specific condition of his probation as not reasonably related to his rehabilitation under Penal Law § 65.10(1) survives his valid waiver of his right to appeal and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]; see also People v Hakes, 32 NY3d 624, 628 n 3 [2018]). The condition requiring that he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" (Penal Law §§ 65.10[2][a], [b]) was providently imposed as reasonably necessary to ensure that defendant "will lead a law-abiding life or to assist him to do so," given that he possessed and displayed a loaded revolver and admitted to using marijuana since he was 13 years old (Penal Law § 65.10[1]; see People v Berry, 242 AD3d 644, 644 [1st Dept 2025]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]).
Defendant's constitutional challenges to the probation condition under the First, Fifth, and Fourteenth Amendments are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice. Were we to do so, we would find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026