People v Mazyck (2026 NY Slip Op 00848)

People v Mazyck

2026 NY Slip Op 00848

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Ind. No. 70614/23|Appeal No. 5829|Case No. 2024-03727|

[*1]The People of the State of New York, Respondent,
vJavien Mazyck, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Larry Glasser of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Steven Hornstein, J., on motion; Dineen Riviezzo, J., at plea and sentencing), rendered May 22, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to five years' probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay $375 in surcharge and fees as a condition of his probation, and otherwise affirmed.
Defendant validly waived his right to appeal, which forecloses review of his claim that his sentence is excessive (see People v Thomas, 34 NY3d 345, 559 [2019], cert denied 589 US -, 140 S Ct 2634 [2020]). In any event, we perceive no basis for reducing the sentence.
However, defendant's challenge to the condition of probation requiring that he pay the mandatory surcharge and court fees survives his waiver of the right to appeal (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]). Defendant is the full-time caregiver of his and his employed girlfriend's children and is indigent. We find that the imposition of the $375 sum, comprised of the mandatory surcharge, crime victim's assistance fees, and DNA fees, as a condition of defendant's probation will not assist in ensuring that he leads a law-abiding life and is not reasonably related to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). Accordingly, that condition is stricken. We note that the People do not oppose this relief.
Defendant's challenge to the condition of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" as unrelated to his rehabilitation is an issue that "implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Thus, "it survives [his] waiver of the right to appeal and does not require preservation for appellate review" (id. at 620; see People v Hakes, 32 NY3d 624, 628 n 3 [2018]). Nevertheless, where defendant was found in possession of a loaded gun and ammunition, the court providently concluded that this condition was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]; see People v Letterlough, 86 NY2d 259, 263 [1995]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]).
Defendant's valid waiver of his right to appeal forecloses review of his constitutional challenges to the probation conditions (see Lowndes, 239 AD3d at 575). In addition, his constitutional claims are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; Lowndes, 239 AD3d at 575).
Defendant's Second Amendment challenge to the "good moral character" provision in Penal Law § 400.00(1)(b) is unpreserved because he failed to raise it in his motion to dismiss the indictment (see People v Martinez, 238 AD3d 423, 424 [2025]), and we decline to review it in the interest of justice. As an alternative holding, we find his claim to be unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026