People v Pacha (2026 NY Slip Op 00982)

People v Pacha

2026 NY Slip Op 00982

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Ind No. 73890/23|Appeal No. 5857|Case No. 2024-06990|

[*1]The People of the State of New York, Respondent,
vElvin Pacha Also Known as Elvin Fernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered November 14, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the conditions of probation requiring him to pay the mandatory surcharge and associated fees and directing him to "refrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation," and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US — [2020]), which forecloses review of his excessive sentence claim (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). In any event, we perceive no basis to reduce his sentence.
Defendant's challenge to four conditions of his probation as unrelated to his rehabilitation survives his waiver of the right to appeal and does not require preservation (see id.). Condition seven, which requires defendant to "avoid injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [t]o not consort with disreputable people," was properly imposed as it is related to defendant's rehabilitation from a conviction stemming from an alleged drug sale involving accomplices (see People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied — NY3d — [2025]). Defendant's constitutional challenge to condition seven is unpreserved (see Lowndes, 239 AD3d at 575), and we decline to review it in the interest of justice. As an alternative holding, we find the constitutional claim to be unavailing (see People v Carrasquillo, 242 AD3d 424, 425 [1st Dept 2025]).
Condition 11, which admonishes defendant to "not possess or purchase a firearm," is properly designed to help "ensure that he will lead a law-abiding life" (People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]) since he is not eligible to possess or purchase a firearm under both federal and state law (see 18 USC § 922[g][1]; Penal Law § 400.00[1][c]).
However, conditions 10 and 24 of defendant's probation should be stricken as not reasonably related to his rehabilitation or necessary to ensure he leads a law-abiding life (Penal Law § 65.10 [1]). Condition 10, which requires defendant to pay charges and fees associated with his conviction, will not help to ensure that he leads a law-abiding life and is not reasonably related to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). We note that the People do not oppose this relief. Additionally, condition 24, which concerns gang affiliation, is not related to defendant's rehabilitation as "there is no evidence that defendant's crime was connected to any gang activities or that he has any history of gang membership or gang affiliation" (People v Holguin, 243 AD3d 419, 420 [1st Dept 2025]). We are not persuaded by the People's contention that defendant's position with respect to condition 24 is not ripe for review.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026