People v Hernandez (2026 NY Slip Op 00985)

People v Hernandez

2026 NY Slip Op 00985

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Ind No. 71601/24|Appeal No. 5864|Case No. 2024-05489|

[*1]The People of the State of New York, Respondent,
vJordan Hernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances Weil of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nathan Morgante of counsel), for respondent.

Judgment, Supreme Court, New York County (Althea Drysdale, J.), rendered August 20, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a forged instrument in the third degree and aggravated unlicensed operation of a motor vehicle in the second degree, and sentencing him to concurrent terms of two years of probation and a $1,000 fine, unanimously modified, on the law, to the extent of striking the condition of probation prohibiting defendant from wearing or displaying gang paraphernalia or having any association with a gang or members of a gang if directed by the Department of Probation, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). In any event, defendant seeks a reduction in fines and court fees, to which defendant would be entitled if he can establish that he is unable to pay the fine because of indigency (see CPL 420.10 (5); People v Toledo, 101 AD3d 571, 571 [1st Dept 2012], lv denied 21 NY3d 947 [2013]).
Defendant's challenge to specific conditions of his probation as not reasonably related to his rehabilitation under Penal Law § 65.10(1) survives his valid waiver of his right to appeal and does not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]; see also People v Hakes, 32 NY3d 624, 628, n 3 [2018]). The condition requiring that he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" (Penal Law §§ 65.10[2][a], [b]) was providently imposed as reasonably necessary to ensure that defendant "will lead a law-abiding life or to assist him to do so," given his possession of forged motor vehicle records here and his lengthy criminal history, which included drug-related and weapon-possession convictions (Penal Law § 65.10[1]; see People v Pointdexter, 243 AD3d 421, 422 [1st Dept 2025]).
However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" should be stricken as not reasonably related to his rehabilitation or necessary to ensure that he leads a law-abiding life (see Penal Law § 65.10[1]) since there is no evidence that defendant's actions were connected to gang activity or that he had a history of gang membership (see People v Vasquetelles, 241 AD3d 1208, 1209 [1st Dept 2025], lv denied — NY3d —, 2025 WL 4041809 [2025]).
Defendant's valid waiver of his right to appeal forecloses review of his as-applied constitutional challenges to the probation conditions under the First Amendment and the vagueness doctrine of due process under the Fifth and Fourteenth Amendments (see People v Johnson, — NY3d —, 2025 NY Slip Op 06528 *2 [2025]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]). In any event, these claims are unpreserved (see People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review them in the interest of justice. Were we to do so, we would find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026