People v Brown

2026 NY Slip Op 02043

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Fabian Brown, Defendant-Appellant.

Decided and Entered: April 02, 2026

Ind No. 71695/23|Appeal No. 6255|Case No. 2024-04962|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Emilia (Mila) King-Musza of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Jonathan L. Gold of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Tara Collins, J.), rendered May 9, 2024, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him to three years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay the surcharge and fees imposed at sentencing, and otherwise affirmed.

Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, [2019], cert denied 589 US 1302 [2020]), which forecloses review of his excessive sentence claim (see People v Santiago, 242 AD3d 519, 520 [1st Dept 2025]). In any event, we perceive no basis for reducing the sentence.

Defendant's challenge to four conditions of his probation as not reasonably related to his rehabilitation survive his valid appeal waiver and do not require preservation (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]; see also People v Hakes, 32 NY3d 624, 628, n 3 [2018]). Nevertheless, condition 7 of defendant's probation requiring that he "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" (Penal Law §§ 65.10[2][a], [b]) was providently imposed as reasonably necessary to ensure that defendant "will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]) given that defendant was armed with a knife, which he used to stab the victim, and he admitted to daily marijuana use since he was 14 years old (see People v Carrasquillo, 242 AD3d 424, 425 [1st Dept 2025]).

The court also providently imposed condition 28, requiring defendant to consent to warrantless searches of his person, vehicle, and home for, and to the seizure of, drugs, drug paraphernalia, firearms, or other weapons or contraband (see People v Rivera, 239 AD3d 521, 522 [1st Dept 2025], lv denied 44 NY3d 1029 [2025]; cf People v Thomas, 233 AD3d 568, 569 [1st Dept 2024], lv denied 43 NY3d 932 [2025]). The court also providently imposed condition 11, prohibiting defendant from purchasing or possessing firearms, and to surrender the same, since he is not eligible to possess or purchase a firearm under both federal and state law (see 18 USC § 922[g][1]; Penal Law § 400.00[1][c]; People v Pacha, — AD3d —, —, 2026 NY Slip Op 00982, *1 [1st Dept 2026]).

[*2]

Defendant's valid appeal waiver forecloses review of his as applied constitutional challenge to condition 7 under the First, Fifth, and Fourteenth Amendments (see Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]; see also People v Johnson, — NY3d —, —, 2025 NY Slip Op 06528, *1 [2025]). In any event, this claim is unpreserved, and we decline to review it in the interest of justice (see People v Cabrera, 41 NY3d 35, 42-51 [2023]; Lowndes, 239 AD3d at 575). To the extent that defendant's broad challenge could be construed as a facial challenge, and thus surviving a valid waiver, the issue is unpreserved (see Cabrera, 41 NY3d at 42-51), and we decline to review it in the interest of justice.

However, we strike condition number 10 of defendant's probation requiring that he pay the mandatory surcharge and other fees as not reasonably related to defendant's rehabilitation, or necessary to ensure that he will lead a law-abiding life (see People v Wood, 239 AD3d 484, 484 [1st Dept 2025]). We note that the People do not oppose this relief.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026