People v Parker

2026 NY Slip Op 02345

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Antoine Parker, Defendant-Appellant.

Decided and Entered: April 16, 2026

Ind No. 73918/23|Appeal No. 6382|Case No. 2024-05912|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances C. Klein Weil of counsel), for appellant.

Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for respondent.

[*1]

Judgment, Supreme Court, Bronx County (Jeffrey M. Zimmerman, J.), rendered September 19, 2024, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of five years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to pay $375 in surcharge and fees as a condition of his probation, and otherwise affirmed.

Defendant validly waived of his right to appeal, which forecloses review of his claim that his sentence is excessive (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]). In any event, there is no basis for reducing the sentence.

However, defendant's challenge to the condition of probation requiring that he pay the mandatory surcharge and court fees survives his waiver of the right to appeal because it implicates the legality of the sentence imposed (see People v Arias, 210 AD3d 593, 594 [1st Dept 2022], lv denied 39 NY3d 1109 [2023]), and does not require preservation for appellate review (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]; see People v Hakes, 32 NY3d 624, 628 n 3 [2018]). Defendant is indigent and thus the imposition of the $375 sum, comprised of the mandatory surcharge, crime victim's assistance fees, and DNA fees, as a condition of defendant's probation will not assist in ensuring that he leads a law-abiding life and is not reasonably related to his rehabilitation (see People v Percy, 234 AD3d 619, 620 [1st Dept 2025]). Accordingly, that condition is stricken. We note that the People do not oppose this relief.

Defendant's challenge to the condition of his probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and . . . not consort with disreputable people" as unrelated to his rehabilitation also "implicates the legality of the sentence imposed" (People v Alvarez, 233 AD3d at 620). Nevertheless, the court providently deemed this condition "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]), given his possession of a loaded gun and ammunition (see People v Letterlough, 86 NY2d 259, 263 [1995]; People v Andujar, 245 AD3d 529 [1st Dept 2026]; People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]).

[*2]

Regardless of whether or not defendant's constitutional challenge to the same probation condition through his facial challenge to the constitutionality of Penal Law § 265.10(2)(a) and (b) under the First, Fifth, and Fourteenth Amendments is waived by the valid appeal waiver (see People v Johnson, — NY3d —, —, 2025 NY Slip Op 06528 *2-4 [2025]), the claim is unpreserved (People v Cabrera, 41 NY3d 35, 42-51 [2023]), and we decline to review it in the interest of justice. As an alternative holding, the claim is unavailing (see Andujar, 245 AD3d at 530; People v Carrasquillo, 242 AD3d 424 [1st Dept 2025]). The probation condition "provides fair notice to a person of ordinary intelligence (People v Stuart, 100 NY2d 412, 420 [2003] [internal quotation marks omitted]) that associating with perpetrators of crimes, engaging in criminal behavior or behavior that could cause injury, or frequenting locations where criminal activity occurs is prohibited" (Andujar, 245 AD3d at 530).

Defendant's Second Amendment challenge to the "good moral character" provision in Penal Law § 400.00(1)(b) is unpreserved because he failed to raise it in his motion to dismiss the indictment (see People v Martinez, 238 AD3d 423, 424 [2025], lv denied 44 NY3d 1067 [2026]), and we decline to review it in the interest of justice. As an alternative holding, we find his claim to be unavailing (see id.).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026